UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

COASTAL ELECTRIC CONSTRUCTION CORP.

         Plaintiff,

     Case No.

  -against-

LEON D. DEMATTEIS CONSTRUCITON
CORPORATION, TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA, and FEDERAL
INSURANCE COMPANY

         Defendants.

-----------------------------------------------------------------X

FILED APR 21 2011 USDC WP SDNY

'11 CIV 02716

JUDGE HELLERSTEIN



## COMPLAINT

Plaintiff, Coastal Electric Construction Corp. ("Coastal"), by its attorneys, Welby, Brady & Greenblatt, LLP, for its complaint alleges as follows:

### I. NATURE OF ACTION

1. Plaintiff, Coastal, furnished labor, materials and equipment for electrical work pursuant to a written agreement with defendant, Leon D. DeMatteis Construction Corporation ("DeMatteis"), for a public improvement project known as the construction of the Federal Office Building at 45th street and 1st Avenue, New York, New York, otherwise known as Project No.: NNY99001 (the "Project").

2. Defendants, Travelers Casualty & Surety Company of America ("Travelers") and Federal Insurance Company ("FIC"), as co-sureties, and DeMatteis as principal, issued a labor and material payment bond (the "Payment Bond") guaranteeing prompt payment to those furnishing labor, materials and equipment to DeMatteis in connection with the Project.

3. There is due and owing to Coastal the sum of at least Ten Million and 00/100 ($10,000,000.00) Dollars, on account of the labor, materials and equipment furnished to DeMatteis for the Project.

## II.
## PARTIES

4. Coastal was and is a New York business corporation with an address of P.O. Box 1476, Patchogue, New York 11772.

5. Upon information and belief, defendant, DeMatteis, is a New York business corporation having its principal place of business at 820 Elmont Road, Elmont, New York 11003.

6. Upon information and belief, defendant, Travelers, is a Connecticut company that is authorized by the Superintendent of the Department of Insurance of the State of New York to issue surety bonds in New York, and has its principal office located at 1 Tower square, Hartford, Connecticut 06183.

7. Upon information and belief, defendant, FIC, is an Indiana company that is authorized by the Superintendent of the Department of Insurance of the State of New York to issue surety bonds in New York, and has its principal offices locates at 15 Mountain View Rd., P.O. Box 1615, Warren, New Jersey 07061.

## III.
## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over the action against the defendants because this action arises under Title 40 U.S.C. § 3131 et. Seq., commonly known as the "Miller Act", and Section 3133(b)(3) of the Miller Act provides for the exclusive jurisdiction of the federal courts over such controversies.

9. Venue is proper in the Southern District of New York because all Defendants conducted business within the State of New York and the construction of the Project at issue occurred within the District.

10. In addition, pursuant to 28 U.S.C. § 1391(a)(2), 40 U.S.C. § 3133(b)(3)(B) and the terms of the Payment Bond, the venue lies in the Southern District of New York because the contracts at issue were performed and arose in this District.

## IV.
## CLAIMS

### CLAIM ONE
### BREACH OF CONTRACT – DEMATTEIS

11. In or around 2005, the United States of America ("USA") contracted with DeMatteis for the construction of the Project pursuant to Contract no. GS-02P-04-DTC-0032(N) (the "Prime Contract").

12. On or about January 12, 2006, DeMatteis subcontracted with Coastal to perform (the "Subcontract") for the agreed price, exclusive of extras, of Twelve Million Nine Hundred Twenty Three Thousand and 00/100 ($12,923,000.00) Dollars. Coastal begs leave of this court to refer to said Subcontract, as well as any documents incorporated by reference therein, for their true legal meaning and import.

13. DeMatteis breached the Subcontract by and through its actions and/or omissions, or, by and through the actions and/or omissions of its agents and/or representatives, which did interfere with, delay, hinder and prevent the normal, orderly, efficient and profitable performance of said Contract by, amongst other things:

    (a) failing to pay Coastal in accordance with the terms of the Subcontract;

(b) delaying, disrupting, and actively interfering with Coastal's performance of the Project;

(c) hindering and preventing the normal, orderly, efficient and profitable performance of the Project on Coastal's part;

(d) failing to recognize and promptly pay for the legitimate claims for extra and additional work performed by Coastal at the Project;

(e) failing to properly coordinate and schedule the work of others at the Project;

(f) forcing Coastal to perform extra and additional work at the Project without compensation;

(g) failing to promptly and properly review and approve requisitions for payment for Coastal's work at the Project;

(h) forcing Coastal to accelerate its work at the Project;

(i) failing to provide Coastal with access to the site;

(j) forcing Coastal to completely revise its construction methods and labor scheduling at the Project from that contemplated under the Subcontract;

(k) depriving Coastal of payments, cash flow and working capital to which it was entitled;

(l) improperly withholding payment from Coastal for work performed at the Project;

(m) escalation in the cost of labor (including fringe benefits) directly attributable to the Project's extended duration and other events beyond Coastal's control;

(n) escalation in the costs of materials directly attributable to the Project's extended duration; and

(o) additional insurance and bond expenses which relate directly to the Project's extended duration.

14. DeMatteis precluded Coastal from achieving the planned productivity and resource loading it anticipated when it bid the work. Coastal could not maintain its planned progress and prevented the installation of the electrical equipment in a timely and sequential manor.

15. These and other failures of DeMatteis forced Coastal to perform additional work and incur expenses in addition to those contemplated under the Subcontract, and hindered Coastal's progress of the work and have operated to deprive the Plaintiff of payments, cash flow and working capital to which Coastal was entitled.

16. Such delays, disruptions, obstructions and active interferences were uncontemplated by Coastal at the time of contracting with DeMatteis.

17. Coastal duly performed under the Subcontract except to the extent frustrated by DeMatteis' omissions and acts, and is therefore due at least Ten Million and 00/100 ($10,000,000.0) Dollars, plus interest, costs of collection and attorney's fees.

18. The damages to Coastal are continuing in nature.

19. By reason of the foregoing, Coastal has been damaged and demands judgment against DeMatteis in the sum of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest, costs and disbursements of this action.

## CLAIM TWO
## UNJUST ENRICHMENT – DEMATTEIS

20. Coastal repeats and realleges each and every allegation contained in paragraphs "1" through "19" as though they were set forth at length herein.

21. At the request of DeMatteis, Coastal furnished certain labor, materials, and equipment for the completion of the electrical installations at the Project with an expectation of remuneration.

22. DeMatteis accepted the labor, material and equipment furnished by Coastal at the Project without objection or complaint, and DeMatteis has been unjustly enriched by retaining the benefit of said labor performed and materials and equipment furnished by Coastal without paying for the full value of said labor, materials and equipment.

23. If it is determined that for any reason the Subcontract does not govern performance, then Coastal is entitled to be compensated in *quantum meruit* for the value of the work it performed, which said unpaid amount is no less than ten Million and 00/100 ($10,000,000.00) Dollars, along with interest thereon from July 10, 2009.

24. By reason of the foregoing, Coastal has been damaged and demands judgment against DeMatteis in the sum of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest, costs and disbursements of this action.

## CLAIM THREE
## BREACH OF CONTRACT – TRAVELERS AND FIC

25. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "24" as though they were set forth a length herein.

26. On or about November 4, 2005, Travelers and FIC, as co-sureties, issued the Payment Bond related to the Project, namely Bond no. 104453799/8193-07-56, which names

6

DeMatteis as the principal and thereby, jointly and severally, guaranteed prompt payment of all monies due to all persons furnishing labor, materials, or equipment to DeMatteis in connection with the Project.

27. On or about January 12, 2006, Coastal entered into the Subcontract with DeMatteis pursuant to which Coastal agreed to furnish labor, material and equipment in connection with completing the electrical work for the Project.

28. Coastal duly and timely performed all of its obligations under the Subcontract to the extent it was not prevented, frustrated or impeded from doing so by DeMatteis.

29. There remains due and owing to Coastal the sum of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest thereon on account of the labor materials and equipment furnished by Coastal to DeMatteis at the project.

30. The labor, materials, and equipment furnished by Coastal to DeMatteis were required to be furnished by DeMatteis under the Prime Contract.

31. DeMatteis has failed and refused to pay Coastal the sum of at least Ten Million and 00/100 ($10,000,000.00) Dollars, the amount still due and owing to Coastal for the labor materials and equipment furnished by Coastal in connection with the Project.

32. Coastal has satisfied all of its obligations and requirements contained within the Payment Bond.

33. By reason of the foregoing, Coastal has been damaged and demands judgment against Travelers and FIC in the sum of at Ten Million and 00/100 ($10,000,000.0) Dollars, along with interest, costs and disbursements of this action.

## V.
## PRAYER FOR RELEIF

WHEREFORE, Coastal Electric Construction Corp. demands judgment as follows:

1. On the First Cause of Action, judgment against Defendant Leon D. DeMatteis Construction Corp., in an amount not readily ascertainable, but reasonably believed to be in the amount of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest, costs and disbursements of this action, and such other and further relief as this Court may deem just and proper under the circumstances.

2. On the Second Cause of Action, judgment against Defendant Leon D. DeMatteis Construction Corp., in an amount not readily ascertainable, but reasonably believed to be in the amount of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest, costs and disbursements of this action, and such other and further relief as this Court may deem just and proper under the circumstances.

3. On the Third Cause of Action, judgment against Defendants Travelers Casualty & surety Company of America and Federal Insurance Company, jointly and severally, in an amount not readily ascertainable, but reasonably believed to be in the amount of at least Ten Million and 00/100 ($10,000,000.00) Dollars, along with interest, costs and disbursements of this action, and such other and further relief as this Court may deem just and proper under the circumstances.

## VI.
## JURY DEMAND

1. Plaintiff requests a trial by Jury.

Dated: White Plains, New York
April 20, 2011

Respectfully submitted,

**WELBY, BRADY & GREENBLATT, LLP**

By: _____
Mark Cermele, Esq. (MC 4596)
*Attorneys for Plaintiff*
*Coastal Electric Construction Corp.*
11 Martine Avenue, 15th Floor
White Plains, New York 10606
(914) 428-2100